IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| TED MATTHEW VOERDING, | ) | Cause No. CV 09-73-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| MIKE MAHONEY, Warden, | ) | U.S. MAGISTRATE JUDGE |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On December 30, 2009, Petitioner Ted Matthew Voerding moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

II. Petitioner's Filings

The Clerk of Court mistakenly filed as the federal petition (doc. 1) a copy of Petitioner's application for writ of habeas corpus filed in the Montana Supreme Court, including his exhibits, the State's brief in response, and its exhibits. Petitioner intended the document titled "Statement of the Case" to be the federal petition, but it was docketed as a brief or memorandum (doc. 2). Petitioner resubmitted the "Statement" on January 21, 2010, after amending it in three minor respects. Letter (doc. 7-1). It was filed as an Amended Petition. Every item Petitioner has submitted to date has been considered.

III. Background

Petitioner was serving a Montana sentence for felony intimidation when he was paroled on February 21, 2006. He was permitted to be supervised in Minnesota pursuant to the Interstate Compact on Adult Offender Supervision ("ICAOS"). On January 1, 2007, he absconded to

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 2

Wisconsin. On January 11, 2007, a Montana Corrections officer issued a warrant for Petitioner's arrest. Warrant to Arrest & Hold Parolee at 1 (doc. 2-1 at 6).

In Wisconsin, Petitioner was arrested and prosecuted on new felony charges. Case Closure Notice at 1 (doc. 1-3 at 5). He was eventually sentenced to serve one year in prison and six months on supervision. Judgment at 1, State v. Voerding, No. 2007CF000030 (Wis. Cir. Ct. St. Croix County July 15, 2008) (doc. 1-3 at 20).

On July 14, 2008, authorities in Montana faxed a warrant to Wisconsin authorities. Letter Dated July 14, 2008, to Racine Corr. Institution (doc. 2-1 at 26-27). Having discharged his Wisconsin sentence, Petitioner was jailed on the Montana warrant. Pet. (doc. 1) at 8 ¶¶ 14-15.

On July 25, 2008, Montana authorities were notified that Petitioner did not waive extradition. Fax from Racine County Sheriff's Dep't at 1 (doc. 1-3 at 23). Petitioner was returned to Montana on October 8, 2008. Case Disposition at 1 (doc. 2-1 at 10).

On November 26, 2008, the Montana Board of Pardons and Parole ("the Board") revoked Petitioner's parole. It also decided that he would

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 3

not receive credit for time served between January 11, 2007, and his return to Montana. Id.

After filing a habeas petition, petition for rehearing, and motion for declaratory relief in the Montana Supreme Court, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court.

IV. Petitioner's Allegations

Petitioner seeks unconditional discharge of his current Montana sentence or 633 days credit against it. Am. Pet. (doc. 7) at 6. He contends that Montana did not issue a warrant against him on January 11, 2007. He bases this claim on the "[o]riginal Montana warrant dated July 14, 2008, attached as Ex. 9" (doc. 2-1 at 26-27), which is actually a cover letter; remarks made in pretrial hearings in his Wisconsin case, e.g., Stat. Conf. Tr. Jan. 16, 2007, at 3:10-17 (doc. 1-1 at 4); and an affidavit from his Wisconsin counsel, Lang Aff. at 2 ¶¶ 5-6 (doc. 2-1 at 4). He relies on the Fourteenth Amendment's Due Process Clause, United States v. Tyler, 605 F.2d 851 (5th Cir. 1979) (per curiam), Petition of Vinson, 392 P.2d 76 (Mont. 1964) (per curiam), and Petition of Springer, 387 P.2d 437 (Mont. 1963) (per curiam). See generally Am. Pet. (doc. 7) at 6.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 4

V. Analysis

Federal habeas relief is available only to those who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner has no federal due process right to compel a state authority to issue a parole violator warrant, file or hear a petition to revoke, or reach a disposition of his parole at a given time. Where a parole violation is predicated on commission of another crime, no preliminary hearing is required. Moody v. Daggett, 429 U.S. 78, 86-87 & n.7 (1976). A parolee is not entitled to process so that he may serve a revocation sentence at the same time as a new sentence. Id.; Evans v. Thurmer, No. 07-3192, 278 Fed. Appx. 679, 680-81 (7th Cir. May 22, 2008).

Even assuming that the Rules of the Interstate Commission on Adult Offender Supervision might provide a basis for habeas relief, e.g., Cuyler v. Adams, 449 U.S. 433, 442 (1981), they were not violated. ICAOS Rules 5.101-5.105, available at www.interstatecompact.org; ICAOS Comm'n Advisory Opinion No. 12-2006 at 1 (Aug. 11, 2006) ("[N]either

ICAOS Rule 5.101(b) nor any other current rule requires that a warrant be issued by the sending state when an offender absconds.").

Finally, Petitioner has no federal right to credit for time served. E.g., Matter of Requested Extradition of Kirby, 106 F.3d 855, 863 (9th Cir. 1996) (noting that States commonly deny credit for time served in custody pending extradition proceedings); Boutwell v. Nagle, 861 F.2d 1530, 1532 (11th Cir. 1988) (stating that prisoner "certainly has no right to credit for time spent in out-of-state custody while he or she is an escapee from the state's prison system."). State law gives the Board discretion to decide whether credit is due for time served between issuance of an arrest warrant and "the prisoner's return to the custody of Montana law enforcement." Mont. Code Ann. § 46-23-1025(4) (2007). The statute's interpretation and application is a question of state law not subject to federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Petitioner's claim that Montana did not issue a warrant on January 11, 2007, is wrong. Warrant to Arrest & Hold Parolee at 1 (doc. 2-1 at 6). Issuance is not entry into a database, service, or execution.

Tyler, cited in Am. Pet. at 2, 4, 6, involved second and third petitions

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 6

to revoke that included allegations known to the State at the time a first petition was filed and dismissed, and the prisoner was not in custody on any basis other than his revocation of his probation.  605 F.2d at 852.  That is not the situation here.  <u>Vinson</u> and <u>Springer</u> contradict Petitioner's claims.

The petition should be denied because it fails to allege a violation of federal law.

VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.

A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); <u>Hohn v. United States</u>, 524 U.S. 236 (1998); <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024 (9th Cir. 2000).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Slack v.

McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

B. Discussion

The result here is clear. Petitioner fails to allege a colorable violation of any federal law, much less make a substantial showing of denial of a constitutional right. A certificate is not warranted.

Based on the foregoing, the Court enters the following:

RECOMMENDATIONS

1. The Petition (docs. 1, 2, 7) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 8

Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of this case without notice to him.

DATED this 22nd day of February, 2010.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge